**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| MISAEL CALEL-SONTAY | CIVIL ACTION NO. 26-3269 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE McCLUSKY |

## MEMORANDUM RULING

Misael Calel-Sontay ("Petitioner"), a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Record Document 1. Respondents opposed the petition. Record Document 5. For the following reasons, the petition for a writ of habeas corpus, Record Document 1, is **DENIED**.

### Background

Petitioner, a citizen of Guatemala, unlawfully entered the United States at an unknown time and place. Record Document 5-1 at 1. Petitioner alleged that DHS released him on his own recognizance on May 9, 2024 after DHS issued him a notice to appear. Record Document 1 at 3. ICE detained Petitioner on July 15, 2026 after local law enforcement encountered him during a traffic stop. *Id.* at 4. On September 14, 2026, an immigration judge ordered Petitioner removed to Guatemala. Record Document 5-2 at 3.

On August 26, 2026, Petitioner filed this action for a writ of habeas corpus. Record Document 1. Petitioner's sole claim for relief is based on an alleged violation of the Fifth Amendment's Due Process Clause because DHS did not provide him with a bond hearing before his re-detention. *Id.* at 5-7.

**Analysis**

The United States Court of Appeals for the Fifth Circuit held in *Buenrostro-Mendez* that aliens who have not been admitted may be detained without bond under 8 U.S.C. § 1225(b)(2)(A), even if the unlawful aliens had been present in the United States for years. 166 F.4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.* To start, the Court finds that Petitioner, as an applicant for admission, is detained under § 1225(b).

The Fifth Circuit recently considered what rights the Due Process Clause confers on an unlawful alien detained under § 1225(b). In *Sosnava Rodriguez v. Miguel Vergara*, the petitioners argued that their detention violated their right to due process under the Fifth Amendment because they were detained without a bond hearing and should have received such a hearing before detention. No. 26-50183, 2026 WL 3181188, at *1-2 (5th Cir. Oct. 23, 2026)(en banc). The Fifth Circuit rejected that argument, reasoning unlawful aliens "may not assert a right to further process

governing their admission beyond what Congress has provided in § 1225(b)(2)(A)[,]" and concluded: "The Constitution does not entitle them to a bond hearing." *Id.* at *6. It reached the same result whether the claim was characterized as substantive due process or procedural due process. *Id.* at *6, 12.

*Sosnava Rodriguez* has foreclosed Petitioner's arguments. Although Petitioner claimed that he should have received a hearing before his detention, *Sosnava Rodriguez* found that an unlawful alien is not entitled to a bond hearing after his detention, much less before his detention. *See* 2026 WL 3181188, at *1. Petitioner has no right to process beyond what Congress has provided, which *Sosnava Rodriguez* found, and Congress did not give unlawful aliens detained under § 1225(b) the right to a pre-deprivation bond hearing. Based on *Sosnava Rodriguez*, Petitioner's claim to such a hearing, whether characterized as substantive due process or procedural due process, fails. *Id.* at *6, 12.

**Conclusion**

Considering the foregoing, the petition for a writ of habeas corpus, Record Document 1, is **DENIED**. A judgment consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE